(89 South. 546)

**AMERICAN RY. EXPRESS CO. v. POWELL.**
**(7 Div. 222.)**

(Supreme Court of Alabama. June 30, 1921.)

1. Names ⊚⟹18—Receipt for express delivered to J. F. P. not proof of delivery to Josie P.

In an action for failure to deliver an express package, a receipt purporting to be from J. F. P. was not proof of delivery to Josie P., the consignee.

2. Carriers ⊚⟹94(3)—Notice to consignee that express was on hand held contradictory to claim of delivery before notice.

A notice sent to a consignee by an express company in January, 1919, that express package was at its office was contradictory of a claim of delivery in October, 1918.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by Lloyd Powell against the American Railway Express Company for damages for failure to deliver certain freight. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Josie Powell was the wife of Lloyd Powell, and was visiting in Philadelphia, Pa. Lloyd Powell delivered to the express company of Anniston a box of merchandise to be shipped to Josie Powell, in Philadelphia, and paid the charges thereon. Mrs. Powell made inquiry at the office in Philadelphia and was told that there was no express for her. In January, 1919, Lloyd Powell received a let-ter from the express company stating that the package was in Philadelphia and asking for orders relative thereto. He later received a letter stating that the package had been delivered in October, 1918, and signed for by one J. F. Powell, without exception.

Willett & Whiteside and Hugh Walker, all of Anniston, for appellant.

The burden is on the plaintiff to show nondelivery, by the carrier, and there is no evidence carrying that burden. 10 C. J. 372; 78 Ala. 587.

T. C. Sensabough and A. B. Sawyer, both of Anniston, for appellee.

The court rendered the proper judgment. 100 Ala. 323, 13 South. 943, 21 L. R. A. 787.

ANDERSON, C. J. [1, 2] While the consignee, Josie Powell, did not testify that she did not get the box, she testified that she called for it at the Philadelphia office twice and was informed that it was not there. The defendant's card, claiming a delivery on October 26th to one J. F. Powell, was not even a claim that it was delivered to the consignee, Mrs. Josie Powell, and, if they made such a delivery, it was incumbent upon the defendant to show that said J. F. Powell was the consignee, Mrs. Josie Powell. While the consignee did not and perhaps could not contradict the claim that the box was delivered to J. F. Powell, the trial court could have inferred that it was not delivered to Josie Powell. Moreover, the defendant's other card, sent the plaintiff, was contradictory of its claim that it was delivered to J. F. Powell October 26th. If the defendant notified the consignee in January, 1919, that the box was on hand and held at the owner's risk, this was inconsistent with the statement that it was delivered October 26, 1918. True, this card bore a date of January, 1918, but it was postmarked 1919, and evidently was not mailed January, 1918, some months before the shipment October, 1918.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.